EDWARDS, Judge.
Plaintiff, Brunson Bonding & Insurance Agency, Inc. (“Brunson”), is a general insurance agency which handled the business of the defendant, Floyd Electric Company, Inc. (“Floyd”). In August and September of 1976, Brunson issued four insurance policies to Floyd with United States Fidelity & Guaranty Company. Premiums on the four policies totaled $45,288.00.
In order to finance the premiums on the policies, Floyd and Brunson executed a promissory note to the order of Capital Bank & Trust Company. That note, a copy of which is included in the attached appendix, reflects that Floyd made a cash down payment of $4,528.00, leaving a balance due of $40,760.00. After execution of the note, Capital Bank advanced to Brunson the sum of $40,760.00 to pay the premiums on the four insurance policies.
The note also reflects that the finance charge on the loan was $1,901.01, resulting in a total due of $42,661.01. This amount was to be paid in seven consecutive monthly installments of $6,094.43. On the same date that the note was executed, a continuing guaranty was signed by the defendants, Guy Miller and George Robertson, guaranteeing the debts of Floyd to Brunson up to the amount of $40,760.00.
Floyd made only one of the monthly payments on the note. Brunson was required to make the remaining six payments totaling $36,556.58. Thereafter, Brunson filed suit against Floyd and Robertson. This suit, styled as an action on open account, sought the sum of $40,760.00 alleged to be due for the four insurance policies issued by *559 Brunson. Brunson later amended its petition, adding Guy Miller as a defendant and alleging that there were other debts, arising after the continuing guaranty was signed, which Floyd owed to Brunson.[1] The defendants answered plaintiff’s suit, raising a number of defenses. Additionally, Robertson filed third-party demands against Floyd and Miller. The third-party demand against Miller was later voluntarily dismissed.
The district court rendered judgment on open account in favor of Brunson and against Floyd and Robertson in the sum of $36,566.38, representing the total of the six monthly payments which Brunson made to Capital Bank. The court dismissed Brun-son’s claim against Miller, holding that Miller signed the continuing guaranty in his official capacity as a representative of Floyd and, therefore, incurred no personal liability. Finally, the court rendered judgment for Robertson on his third-party demand against Floyd, for all sums that he pays as a guarantor of Floyd.
Robertson has appealed the judgment of the district court, making numerous specifications of error. Only one specification of error will be treated, however, because of our conclusion that it requires reversal of the district court’s judgment. No appeals have been taken by the other parties and, therefore, the judgment is final with respect to them.
-As stated above, Brunson’s suit was styled as one on open account, seeking recovery for the amount alleged to be owed on the four insurance policies. The trial transcript reflects that the plaintiff tried to introduce, and the trial court refused to allow, evidence which would have expanded the pleadings beyond the claim on open account. Whether or not Brunson has a right to recover from Floyd as a result of having been called upon to pay the note is not at issue.[2] Because of the manner in which Brunson chose to proceed, the sole issue presented for our consideration is whether Floyd owed to Brunson a debt on open account attributable to the four insurance policies listed in plaintiff’s petition.
As previously noted, the total amount of premiums on the four policies was $45,-288.00. This amount was charged to Floyd’s open account with Brunson. When the note to Capital Bank was executed, Floyd made a cash down payment of $4,528.00, leaving an open account debt of $40,760.00 attributable to the four policies. After execution of the note, Capital Bank advanced to Brunson, on behalf of Floyd, the sum of $40,760.00. That payment is attributable to the open account debt owed on the four insurance policies.[3]
LSA-C.C. art. 2130 provides that one method of extinguishing obligations is by payment. Floyd’s open account debts which arose out of the four insurance policies issued by Brunson in August and September of 1978 were extinguished by payment. The trial court erred in holding that Floyd owed Brunson $36,566.58 on open account and that Robertson, as guarantor, was liable to Brunson for that amount.
Brunson’s payments on the note on Floyd’s behalf did not revive the open account debts which were previously paid. That is not to say, however, that Brunson was left with no cause of action for recovering those sums. Brunson had other reme *560 dies available to it for recovering the money which it paid to Capital Bank on behalf of Floyd.[4] Brunson erred in attempting to collect that sum by way of a suit on open account.
For the foregoing reasons, that portion of the district court’s judgment, rendered in favor of Brunson Bonding & Insurance Agency, Inc. and against George A. Robertson, Jr. for the sum of $36,566.68 plus legal interest and costs, is reversed. The remainder of the district court’s judgment is affirmed. All costs of this appeal are to be paid by plaintiff-appellee.
REVERSED IN PART AND AFFIRMED IN PART.

*561

. During the course of the trial, the trial judge ruled that this amendment did not expand the pleadings beyond the claim for the premiums alleged to be owed in the original petition. Inasmuch as Brunson has not appealed that ruling, it is now final.

. See LSA-C.C. arts. 2106, 3052 and 3053. We are likewise not called upon to decide whether the continuing guaranty would make Robertson liable for any obligation which Floyd might owe to Brunson under these articles.

.It is of no moment that, at the time this payment was made, Floyd’s open account with Brunson included charges for other policies and services. LSA-C.C. art. 2163 provides that a debtor who is liable for several debts has a right to declare which debt he is discharging when he makes a payment. In the instant case, the manner and amount of payment, as well as the enumeration of the insurance policies in the promissory note, clearly evidence Floyd’s intent to apply the payment to that portion of its open-account debt attributable to the four insurance policies.

. See footnote 2, supra.